## HUFF *v.* GULICK.

---

PATENTS; INTERFERENCE; BURDEN OF PROOF; REDUCTION TO PRACTICE; EVIDENCE.

1. A party to an interference who did not file his application until after a patent had been granted to his opponent, and who was the last to conceive, must prove his prior reduction to practice beyond a reasonable doubt.

2. In an interference relating to an improvement in the construction of back axles in motor vehicles, and in which the burden of proving reduction to practice beyond a reasonable doubt was on the junior party, it was *held* that he had failed to discharge such burden, where he showed that a test run had been made with an automobile equipped with the device of the issue, but failed to show that the device had fulfilled its purpose on such run; and where it also appeared that the invention was sufficiently complex to require a test to demonstrate its practicability, and especially as he was in a position to prove, beyond question, the facts upon which he sought to establish his right to a patent, but failed to do so.

3. The uncorroborated testimony of one of the parties to an interference is not sufficient to show reduction to practice.

4. It must be presumed that evidence in the control of a party to an interference, and not produced by him, was unfavorable to his case.

No. 733. Patent Appeals. Submitted January 10, 1912. Decided March 4, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case. *Affirmed.*

The facts are stated in the opinion.

*Mr. James A. Watson* for the appellant.

*Messrs. Offield, Towles, Graves, & Offield* and *Mr. Albert H. Graves* and *Mr. Samuel H. Pond* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents in an interference proceeding.

The applications in issue relate to improvements in motor vehicles, and are explained by the Examiner of Interferences as follows: "The invention in issue is concerned more particularly with the construction of the back axle, and embodies, in connection with the elements, a casing of peculiar inturned construction, surrounding the differential and ends of the axle sections. The purpose of the organization appears to be the retention of the lubricant in the casing, upon tilting of the axle, and to prevent consequent impairment of the functions of the adjacent band brake."

The invention is set forth in a single count, which reads as follows:

"In a motor vehicle, the combination of axle sections, differential gearing, a main casing about said gearing having inwardly extended sleeves at its opposite ends, surrounding said axle sections, and end casings detachably fastened to the exterior of said main casing, and having tubes or sleeves receiving said axle sections and fitted in said main casing sleeves."

It appears that appellee, Edward J. Gulick, conceived the invention at least as early as February, 1906, while appellant, Russell Huff, failed to produce evidence of conception prior to November, 1906. Appellee made no reduction to practice before August 9, 1907, the date of the filing of his application, upon which a patent was issued November 24, 1908. Appellant did not file his application until April 28, 1909, a date subsequent to the issuance of appellee's patent. Hence the burden is upon appellant to prove his case beyond a reasonable doubt.

Appellant relies for reduction to practice upon a test run made in March, 1907, with an automobile containing the in-

vention in issue.  The testimony, however, fails to show definitely the successful operation of the device.  The run was planned from Detroit to Buffalo, but was abandoned at Toledo, owing to the breaking of the bridge after a run of about 80 miles.  The evidence shows that the injury was not occasioned through any defect in the novel parts of the bridge, and that the car ran well until the accident.  The testimony, however, goes no further.  It fails to show that the device fulfilled its purpose.  It is apparent that the machine might have run well for 80 miles, and yet the experimental bridge may have retained the oil no better, or possessed no greater strength, than the known devices.  We agree with the tribunals of the Patent Office in holding that this test was insufficient, and also that the invention is sufficiently complex to require a test in order to demonstrate its practicability.

Appellant also testified as to other experimental runs, but his testimony is uncorroborated, and therefore insufficient. The same objection applies to his testimony that several of the 1908 cars, which are shown by an instruction book offered in evidence to contain the subject-matter of the issue, were sold between July 30, 1907, and August 9th.  It is true he testifies after reference to the books of the company, but these books were not placed in evidence, and hence are not corroborative. Neither is the date of the instruction book proved.

We are of opinion, therefore, that appellant has failed to overcome the heavy burden resting upon him, especially in view of the fact that he was in a position to prove beyond question the facts upon which he seeks to establish his right to a patent.  Even if the operation of the experimental bridge on the Toledo run was not susceptible of more definite proof, other tests were made about which evidence could have been adduced.  It was also within his power to prove conclusively that the 1908 cars were put into operation prior to appellee's filing date, if such was the fact.  Having this evidence within his control, and not producing it, it must be presumed that it was unfavorable to his case.

The decision of the Commissioner of Patents is affirmed,

D. C.]            Syllabus.

and the clerk is directed to certify these proceedings as by law required.            *Affirmed.*